UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JOE HAND PROMOTIONS, INC.,

                        Plaintiff,

v.                                 **ORDER**

QUILON INC., et al.,                 21-CV-10257 (PMH)

                      Defendants.
--------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

Plaintiff filed its complaint on December 2, 2021 (Doc. 1). An Affidavit of Service for all Defendants was filed on December 29, 2021. (Doc. 12; Doc. 12-1; Doc. 12-2). Defendants have not filed an answer.

This Court issued an Order on March 8, 2022 directing Plaintiff to file a proposed Order to Show Cause in accordance with this Court's Individual Practice Rules and Exhibit A thereto by March 29, 2022. (Doc. 13). The March 8, 2022 Order warned Plaintiff that failure to do so would result in the dismissal of its complaint without prejudice. (*Id.*).

On March 17, 2022, Plaintiff's counsel, Jon D. Jekielek, filed a declaration (Doc. 17), a request for Clerk's Certificates of Default for each defendant (Doc. 18), and proposed Clerk's Certificates of Default for each defendant (Docs. 14-16). The Clerk of Court issued signed Clerk's Certificates of Default for each defendant on March 17, 2022. (Docs. 19-21).

Notwithstanding those filings, it is now March 31, 2022 and Plaintiff has not complied with the Court's March 8, 2022 Order directing it to file a proposed Order to Show Cause. Therefore, Plaintiff's complaint is dismissed without prejudice for failure to prosecute this action. *See Bracey v. City of New York*, No. 20-CV-06768, 2021 WL 5140171, at *1 (S.D.N.Y. Nov. 4, 2021) (dismissing case without prejudice for failure to prosecute after plaintiff failed to comply

with court order); *Reynel v. Barnhart*, No. 01-CV-06482, 2002 WL 2022429, at *1 (S.D.N.Y. Sept. 3, 2002) (same).

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995). Here, Plaintiff failed to comply with this Court's March 8, 2022 Order directing it to file a proposed Order to Show Cause despite the Court giving it a deadline to do so and warning it that its case would be dismissed if it failed to comply. Such failure to comply "clearly warrants dismissal for failure to prosecute." *Gonzalez v. City of New York*, No. 17-CV-01824, 2018 WL 2269244, at *1 (S.D.N.Y. May 17, 2018).

"[U]nder the circumstances described above, the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant[s] by retaining open lawsuits with no activity." *Amoroso v. County of Suffolk*, No. 08-CV-00826, 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010). Ultimately, "[d]ismissal without prejudice, rather than dismissal with prejudice, is proper because courts considering dismissal for failure to prosecute pursuant to Rule 41(b) must consider the efficacy of lesser sanctions." *Wingate v. Center*, No. 12-CV-02134, 2014 WL 3346319, at *1 (S.D.N.Y. Jul. 1, 2014) (citing *Reecier v. Hogan*, 515 Fed. App'x 44 (2d Cir. 2013) (summary order)).

Accordingly, Plaintiff's case is dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED:**

Dated:   White Plains, New York
           March 31, 2022

_____

PHILIP M. HALPERN
United States District Judge